[Civ. No. 4773.  First Appellate District, Division Two.—May 24, 1924.]

SAN FRANCISCO LAUNDRY ASSOCIATION (a Corporation), Appellant, v. ROLAND L. RAGON, etc., Respondent.

[1] EMPLOYER AND EMPLOYEE—SOLICITATION OF FORMER EMPLOYER'S BUSINESS—INJUNCTION—FINDINGS—EVIDENCE.—In this action for an injunction to restrain the defendant from soliciting laundry work from plaintiff's customers who were formerly served by the defendant while he was in the plaintiff's employ as a driver of one of its laundry wagons, the evidence was sufficient to support the findings of the trial court to the effect that the defendant had not solicited, in any manner, nor interfered with the business of the plaintiff.

[2] ID.—WRONGFUL SOLICITATION—HOW MAY BE ACCOMPLISHED.—The wrongful solicitation of business can be accomplished without any express verbal or written request therefor. (Opinion of supreme court, on denial of hearing.)

---

(1) 32 C. J., p. 351, sec. 581.  (2) 26 Cyc., p. 1021 (Anno.).

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert G. Gaylord for Appellant.

Thomas J. Ledwich for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment denying its application for an injunction to restrain the defendant from soliciting laundry work from plaintiff's customers who were formerly served by the defendant while he was in the plaintiff's employ as a driver of one of its laundry wagons.

The trial court found that defendant had not at any time solicited any laundry work from any persons who were former customers of plaintiff and that said defendant did not ask nor request any of the former customers of plaintiff to give their laundry work to him or to any competitor

---

1.  See 14 Cal. Jur. 198.

of plaintiff; but that, on the contrary, each and every one of said persons who was a former customer of said plaintiff, and who since the termination of said defendant's employment with plaintiff had been giving her laundry work to defendant, had done so at her own instance and request and freely and voluntarily on her part, without any solicitation, inducement or request whatever directly or indirectly by the defendant, or any of his servants, agents, employees, or any person whatever acting in aid of or in concert with him.

The plaintiff called the defendant as a witness and he testified that he had never in any manner solicited business from the former customers of plaintiff, and upon being questioned, in detail, about specific customers, he explained in each instance the circumstances under which he had been requested by such customer to call for her laundry work. The plaintiff then called about twenty of its former customers and questioned them as to the circumstances under which each of them had determined to give her laundry work to defendant rather than to plaintiff after defendant had ceased to be in the employ of plaintiff. Every one of these witnesses testified, emphatically, that the defendant had not asked for the business or made any advances in the matter, but that in each instance the customer had either met defendant on the street or had telephoned to him or had come in contact with him through some unrelated business or social connection and had freely and voluntarily decided to give him her laundry work; and in each instance the witness testified that she did not desire to do business with the plaintiff but wished to give her work to the defendant, either because she had known the defendant for a long time or because she was dissatisfied with the service of the plaintiff.

[1] The defendant offered no testimony in the trial court—and there was no need for him to do so—because every particle of testimony offered by the plaintiff supports the findings of the court to the effect that the defendant had not solicited, in any manner, nor interfered with the business of the plaintiff.

The judgment is affirmed.

Sturtevant J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1924, and the following opinion then rendered thereon:

THE COURT.—We do not agree with the statement that "every particle of testimony offered by the plaintiff supports the findings . . . that the defendant had not solicited . . . the business of the plaintiff." **[2]** The wrongful solicitation of business can be accomplished without any express verbal or written request therefor. If the trial court had found that such solicitation was made in this case, the finding would not have been without support in the evidence, but such a finding was not compelled by the evidence herein and the judgment was, therefore, properly affirmed. The petition for a transfer and hearing by this court is denied.

All the Justices concurred, except Sturtevant, J., *pro tem.,* who did not participate.